IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DEIDRA R. SQUIRE,** <br> Plaintiff. <br> v. <br><br> **IDENTITY, INC.,** <br><br> Defendant. | * <br> * <br> * <br> *    Civil No. **20-2062 PJM** <br> * <br> * <br> * <br> * |

## MEMORANDUM OPINION

Plaintiff Deidra Squire brought this action against her former employer Identity, Inc. ("Identity") and four of its employees, making various employment discrimination claims, including a claim that she was discriminatorily terminated from her job in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Compl. ¶ 12, ECF No. 1. Identity filed a Motion to Dismiss or, in the Alternative, for Summary Judgment as to all claims. ECF No. 14. The Court previously granted in part and denied in part the Motion to Dismiss, allowing Squire to amend her Complaint, specifically as to her claim of disparate treatment under Title VII. ECF No. 25. Squire then filed an Amended Complaint, ECF No. 27, and Identity again moved to dismiss, ECF No. 30 ("Second Motion to Dismiss"). On August 18, 2021, by oral opinion rendered after a motions hearing, the Court granted Identity's Second Motion to Dismiss. ECF Nos. 43, 44. Squire has now filed a Motion to Alter or Amend the Court's judgment, claiming that the dismissal of her Amended Complaint was clearly erroneous. ECF No. 48. For the reasons that follow, her Motion is **DENIED**.

Squire's Motion, filed within twenty-eight days of the Order dismissing her Amended Complaint, is a Rule 59(e) motion to alter or amend the judgment. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010). The Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

manifest injustice. *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). While the rule permits a district court to correct its own errors, Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment. *See id.* In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright et al., *Fed. Prac. & Proc.* § 2810.1, at 124). This extraordinary remedy "is not license for a losing party to get a 'second bite at the apple.'" *See Yi v. Colvin*, Civ. No. PWG-16-765, 2016 WL 4218275, at *1 (D. Md. Aug. 9, 2016) (internal citations omitted).

Mere disagreement with the Court does not suffice to demonstrate clear error or manifest injustice. *See Pittman v. Deutsch Bank Nat'l Trust Co.*, Civ. No. 18-02425, 2020 WL 5759767, at *3 (D. Md. Sept. 28, 2020) (internal citations omitted). Indeed, the Court will only grant a Rule 59(e) motion when the prior judgment "strike[s] the court as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* (internal citations omitted).

After carefully reviewing Squire's Motion and examining its previous decision, the Court finds no merit to her request. Nothing in her Motion provides a basis to change the outcome of this case. She has failed to meet her burden to obtain the extraordinary remedy of reconsideration of the Court's last decision. Instead, her Motion essentially reiterates for a third time what she has asserted from the outset.

For the foregoing reasons, Squire's Motion to Alter or Amend Judgment is **DENIED**.

A separate Order will **ISSUE**.

Date: December 16, 2021

/s/ Peter J. Messitte
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE